UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. EV 02-05-CR-Y/H-04 |
| | ) | 3:05-cv-101-RLY-WGH |
| WALTER BRELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In this case, defendant Walter Breland ("Breland") has failed to make such a showing. Accordingly, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion rests on the following facts and circumstances:

1. The background associated with Breland's arrest, prosecution, trial and convictions was recited in *United States v. Breland,* 356 F.3d 787 (7th Cir. 2004), and will not be repeated here.

2. Breland now seeks relief pursuant to § 2255. The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995). "A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotation omitted). As a result, when a defendant fails to raise a claim at trial or on direct appeal, he may not proffer it as a ground for collateral attack unless he demonstrates good cause and prejudice. *Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir. 1997). Claims of ineffective assistance of counsel are an exception to the rule of procedural default and generally may be raised during a collateral challenge. *See Massaro v. United States,* 538 U.S. 500 (2003).

3. Breland contends that Officer Luecke's testimony contained inadmissible hearsay and violated his Sixth Amendment right to confront the witness against him. Breland concedes that it was determined in his direct appeal that the hearsay rule did not apply, because "Officer Luecke's testimony about Ferguson's statement was not offered to prove the truth of the matter asserted--that a "black male with a bald head . . . [was] selling cocaine and marijuana" from the relevant residence--but rather was offered to explain why Officer Luecke approached Breland since he was standing outside of the residence and matched Ferguson's description." He nonetheless relies on *Crawford v. Washington,* 541 U.S. 36 (2004), to suggest that an intervening change in the law warrants an exception to applying the doctrine of the law of the case. There are two flaws in Breland's reasoning:

> a. In *Crawford,* the Supreme Court divided out-of-court statements into two (2) categories: testimonial and non-testimonial. *See* 541 U.S. at 60-69. "Testimonial statements implicate the right of cross-examination guaranteed by the Confrontation Clause. Those which are non-testimonial are governed by the Rules of Evidence pertaining to hearsay statements." *Crawford* has no application where there is no hearsay problem or where the proffered hearsay is not "testimonial." *Leavitt v. Arave,* 371 F.3d 663 (9th Cir. 2004). The rule of *Crawford* does not assist Breland in his position for precisely the reasons that the Court of Appeals concluded that there was no hearsay problem, *i.e.,* because Officer Luecke's testimony about Trent Ferguson's statement was offered only to explain why Officer Luecke approached Breland since he was standing outside of the residence and matched Ferguson's description, and not to prove the truth of Ferguson's statement itself. Where evidence of a statement such as attributed to Ferguson lies outside the net of hearsay, it is possible to "exempt[ ] such statements from Confrontation Clause scrutiny altogether." *Crawford,* 541 U.S. at 68. Thus, the Confrontation Clause is not violated where the testimonial statement at issue was admitted "for purposes other than establishing the truth of the matter asserted." *Id.* at 59 n.9. Breland could benefit from *Crawford's* partial abrogation of the framework of *Ohio v. Roberts,* 448 U.S. 56, 66 (1980), only if he succeed in recasting the nature of the testimony which was given by Officer Luecke concerning Ferguson's statement, and that is a feat which the law of the case prevents him from performing.

> b. Secondly, *Crawford* does not apply retroactively. *Bintz v. Bertrand,* 403 F.3d 859, 867 (7th Cir. 2005). *Accord: Brown v. Uphoff,* 381 F.3d 1219, 1227 (10th Cir. 2004); *Mungo v. Duncan,* 393 F.3d 327, 336 (2d Cir. 2004); *Dorchy v. Jones,* 398 F.3d 783, 788 (6th Cir. 2005); *Murillo v. Frank,* 402 F.3d 786, 789-91 (7th Cir. 2005).

4. Breland also contends that he was denied the effective assistance of counsel at trial because of his attorney's alleged failure to (1) request a cautionary jury instruction regarding Officer Luecke's testimony, (2) challenge Breland's prior convictions that were relied upon to find that Breland was a career offender, and (3) challenge the introduction of Officer Luecke's testimony establishing that Breland carried a firearm during and in relation to a drug trafficking offense, or challenge the sufficiency of the evidence relative to this issue.

    a.    To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), Breland must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Id.* at 695. A failure to establish either prong would result in a denial of Breland's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland,* 466 U.S. at 688). The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; see also *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004).

    b.    Breland was convicted of possession with the intent to distribute, carrying a firearm during and in furtherance of a drug trafficking offense, and being a felon in possession of a firearm. The evidence of his guilt of these offenses was ample, *Breland,* 356 F.3d at 790-91 ("there was substantial evidence to support Breland's conviction for possession with intent to distribute–namely, the quantity of drugs seized at his arrest coupled with the amount of money found on his person . . ."), and a challenge to the sufficiency of that evidence would not have succeeded.

    c.    The absence of a cautionary instruction regarding the limited use of the statement attributed to Ferguson was not prejudicial to Breland because it only explained why Officer Luecke approached Breland. The events which swiftly unfolded once Breland was approached and informed that the "police" wished to speak with him could not have been viewed differently even if a cautionary instruction had been requested and issued.

    d.    As to Breland being sentenced as a career offender, the evidence at sentencing supported the enhancement under USSG § 4B1.1 and § 4B1.2(b).

    e.    "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas,* 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland,* 466 U.S. at 689). It was explained in *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997), that:

> [t]he question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland,*] 466 U.S. at 690. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke,* 116 F.3d 256 (7th Cir. 1997).

Breland's attorney at trial fulfilled this role both at trial and at sentencing.

3

5. For the reasons explained above, Breland is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied,** and this action must be dismissed with prejudice. Additionally, his request for an evidentiary hearing is **denied** because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), (2) mere unsupported allegations do not support a request for a hearing, *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989), and (3) the records and file in this action show conclusively that Breland is not entitled to the relief he seeks. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   11/30/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana